United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KHUSAR MOBLEY,<br><br>　　　　　Defendant. | Case No.: CR 12-00235 YGR (KAW)<br><br>DETENTION ORDER |

## I.  BACKGROUND INFORMATION

Defendant Khusar Mobley is charged by Indictment with violations of 18 U.S.C. § 371 (conspiracy to commit robbery of mail, money, or other property of United States and Assault on a Federal Officer),  18 U.S.C. § 111(b) (assault on a federal officer with a deadly or dangerous weapon), 17 U.S.C. § 2114(a) (robbery of mail, money or other property of the United States), and 18 U.S.C. 924(c)(1)(A)(ii) (using, carrying, possessing, and brandishing a firearm during, in relation to, and in furtherance of a crime of violence).   On April 2, 2012, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f).  Pretrial Services prepared a full bail study, which recommended Defendant's detention.  The hearing set for April 5, 2012 was continued until April 18, 2012, on which date the court conducted a detention hearing.  Assistant United States Attorney James Mann appeared on behalf of the Government.  Defendant was present and in custody, and represented by counsel Richard B. Mazer.  For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be

mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

DETENTION ORDER
CR 12-00235 YGR (KAW)                              2

The Indictment charges that on March 28, 2012, Defendant conspired to rob an undercover ATF agent during a buy operation, and in the commission of that robbery pointed a loaded firearm at the agent, thereby also resulting in the assault of a federal officer.

Defendant is 18 years old and currently resides with his mother at two separate residences, which are located in San Francisco, California and San Pablo, California. He has not completed his high school diploma and has been unemployed since summer 2011. He reported being previously employed at Billet Transportation in Vallejo, which has not been confirmed by Pretrial Services, and has done other odd jobs, for which he could not recall the dates of employment, resulting in an unstable employment history.

Defendant has an extensive criminal record dating back to 2006, many of which were crimes of violence, including attempted assault with a deadly weapon, multiple counts of robbery, and assault/battery of a police officer. In addition, Defendant has admitted to drinking socially, despite being underage, smoking marijuana daily, and using ecstasy "socially," which suggests that he has a substance abuse problem. He is currently on probation, and, according to his Contra Costa County Probation Officer, suffers a new arrest every few months, which has led to his probation being continually extended. As the Government noted at the hearing, Defendant has been arrested for an offense everywhere he has been, including San Francisco, Stockton, Richmond, Concord, and El Cerrito.

Further, the nature and the circumstances of the charged offenses is the violent, reckless disregard for the life of a federal officer, as Defendant allegedly held a loaded firearm to his head. In addition, while the weight of the evidence is the least important factor when determining whether pretrial detention is appropriate, it weighs heavily against Defendant in this case, as the defendant's violent acts were videotaped.

In light of Defendant's substantial violent criminal record, the nature and circumstance of the offense, and the weight of the evidence in the current matter, the Court finds clear and convincing evidence that Defendant presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other

DETENTION ORDER
CR 12-00235 YGR (KAW)                                 3

person or the community.  18 U.S.C.  § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

In addition, the Court finds that Defendant is at some risk of flight as a result of the sentence he faces.  Defendant has a history of failing to appear at other court proceedings, and in 2010, as a juvenile, was convicted of attempted escape from a correctional facility.  Defendant also has convictions for false identification.  Based on this record, the Government has shown by a preponderance of the evidence that Defendant is a flight risk, and the court does not believe that any combination of release conditions suggested by defense counsel would reasonably assure Defendant's appearance.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 19, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 12-00235 YGR (KAW)                                                  4