# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**KHUSAR MOBLEY,**<br>Defendant. | CASE NO. 12-cr-00235-YGR-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Re: Dkt. No. 229 |

Before the Court is movant Khusar Mobley's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C § 2255. (Dkt. No. 229.)[1] The government opposed the motion. (Dkt. No. 260.) Having considered all of the papers filed by the parties, the record in this case, and for good cause shown, the Court **DENIES** the motion.

**I.  BACKGROUND**

   **A.  Procedural Background**

On October 23, 2013, following a jury trial, Mobley was convicted of (i) Conspiracy to Commit Robbery of Mail, Money, or Other Property of the United States and Assault on a Federal Officer in violation of 18 U.S.C. § 371 (Count One); (ii) Assault on a Federal Officer in violation of 18 U.S.C. § 111(b) (Count Two); (iii) Robbery of Mail, Money, or Other Property of the United States in violation of 18 U.S.C. § 2114(a) (Count Three); and (iv) Using, Carrying, Possessing, and Brandishing a Firearm During, in Relation to, and in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) (Count Four). Mobley was sentenced to 147 months in prison.

---

[1] Originally filed *pro se*, the Court subsequently appointed counsel for Mobley on July 27, 2016. (Dkt. No. 238.) Thereafter, Mobley's counsel was granted leave (*see* Dkt. Nos. 247, 251) to file a supplemental memorandum in support of Mobley's motion (*see* Dkt. No. 248 ("Suppl. Memo")).

(Dkt. No. 184.) His sentencing range was calculated to be 51-63 months, based on a total offense level for Group 1 (Counts One through Three) of 22 and a criminal history category of III, plus an additional 84-month mandatory consecutive term for the Count 4 conviction.

On October 28, 2013, Mobley filed a notice of appeal, challenging the sufficiency of the evidence introduced to support the convictions, as well as the legality of the 147-month sentence imposed by this Court. *See* Dkt. No. 181; *see also United States v. Mobley*, 803 F.3d 1105, 1106 (9th Cir. 2015). On October 15, 2015, the Ninth Circuit affirmed Mobley's conviction in a published decision, rejecting Mobley's sufficiency challenges. *Mobley*, 803 F.3d at 1108–10. That same day, the Ninth Circuit rejected Mobley's sentencing arguments in an unpublished memorandum disposition. *See United States. v. Mobley*, 620 F. App'x 591 (9th Cir. 2015). On March 21, 2016 the Supreme Court denied Mobley's certiorari petition as to the former Ninth Circuit ruling. *Mobley v. United States*, 136 S. Ct. 1452 (2016).

After briefing on the instant motion was complete, the parties raised with the Court the potential impact of the Supreme Court's then-pending decision in *Sessions v. Dimaya*, No. 15-1498 on Mobley's motion. In light of *Dimaya*, the parties suggested the proper course would be to submit a joint statement within two weeks of the Supreme Court's decision, setting out whether additional briefing would be necessary, and if so, the parties' proposed schedule and page limits for such briefing. (Dkt. No. 269.) This Court agreed and subsequently stayed the proceedings on Mobley's motion pending the Supreme Court's ruling in *Dimaya*. (Dkt. Nos. 270, 273.) The Supreme Court issued its ruling on April 17, 2018, and the parties stipulated to submit supplemental briefs to the Court addressing the impact of *Dimaya* on Mobley's motion. (Dkt. 281.) They each did so on May 15, 2018, and the Court has reviewed and considered the briefing. (Dkt. Nos. 283, 284.)

### B. *Johnson v. United States*

In *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. § 922(g).

2

The ACCA's residual clause definition of "violent felony" encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

The *Johnson II* Court held that the residual clause is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Namely, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id*. at 2558. Accordingly, the *Johnson II* Court held that an increase to a defendant's sentence under that clause "denies due process of law." *Id*. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson II* is retroactive as applied to the ACCA.

### C. *Sessions v. Dimaya*

In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court confronted a similar vagueness issue in the context of immigration. Specifically, the *Dimaya* Court was asked to determine whether 18 U.S.C. § 16(b), which is included on a list of aggravated felonies that can result in an alien's removal, is unconstitutional under the reasoning of *Johnson II*. *Dimaya*, 138 S. Ct. at 1210–12. Like Section 924(e)(2)(B)(ii), Section 16(b) is a definitional provision, which defines "crime of violence" in terms close to those in the ACCA's residual clause: "The term 'crime of violence' means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).[2]

The *Dimaya* Court held that the residual clause definition of a "crime of violence" in Section 16(b) is unconstitutionally vague for the same reasons it found the residual clause definition of a "crime of violence" in the ACCA unconstitutionally vague in *Johnson II*—because

---

[2] The language of Section 16(b) at issue in *Dimaya* is virtually identical to the language of the residual clause in 18 U.S.C. § 924(c)(3)(B) on which Mobley relies in support of his motion. *See United States v. Chavez*, No. 15-CR-00285-LHK, 2018 WL 3609083, at *9 (N.D. Cal. July 27, 2018) (noting "[t]he sole distinguishing features between these two provisions are: (1) that § 16(b) refers to 'any other offense' while § 924(c)(3)(B) refers to 'an offense,' and (2) that § 16(b) includes an extra comma before the phrase 'by its nature'").

3

"it requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk." *Id*. at 1216 (internal quotation marks omitted). The *Dimaya* Court therefore held that Section 16(b) is invalid since it "produces, just as ACCA's residual clause did, more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id*. (internal quotation marks omitted).

## II. LEGAL STANDARD

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her own conviction or sentence, must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to section 2255 in the court that imposed the sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under 28 U.S.C. § 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.

## III. DISCUSSION

Mobley's motion hinges on an argument that neither the crime of (i) assault on a federal officer in violation of 18 U.S.C. § 111(b) nor (ii) robbery of mail, money, or other property of the United States in violation of 18 U.S.C. § 2114(a) qualifies as a "crime of violence" after *Johnson II* and *Dimaya*.[3] If they are not crimes of violence, then neither can serve as a predicate offense for his mandatory-minimum sentence under 18 U.S.C. § 924(c).

In response, the government asserts four arguments. First, assault on a federal officer in violation of 18 U.S.C. § 111(b) and robbery of mail, money, or other property of the United States in violation of 18 U.S.C. § 2114(a) remain crimes of violence under Section 924(c)'s "elements clause" after *Johnson II* and *Dimaya*. Second, and accordingly, the Court need not consider whether the crimes also qualify as predicate offenses under Section 924(c)'s "residual clause."

---

[3] As Mobley notes, this Court rejected identical challenges to the assault count, based on *Johnson II*, made by Mobley's two co-defendants. (*See* Dkt. Nos. 254, 255.) Accordingly, and for the sake or thoroughness, the Court largely reproduces its analysis of the assault count from its prior orders.

4

Third, Mobley's claim that Section 924(c)'s "residual clause" is void for vagueness is procedurally barred in any event. Finally, Section 924(c)'s "residual clause" is at any rate not void for vagueness.

This Court begins its analysis with the threshold issue of whether assault on a federal officer under 18 U.S.C. § 111(b) (Count 2) or robbery of mail, money, or other property of the United States under 18 U.S.C. § 2114(a) (Count 3) remain crimes of violence after *Johnson II* and *Dimaya*. For Mobley to be subject to a sentence enhancement under 18 U.S.C. § 924(c)(1)(A) (Count 4), at least one predicate offense must have been a crime of violence.

### A. Legal Framework for "Crime of Violence" Analysis

Section 924(c)(1)(A) provides for certain penalties for a person "who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Under Section 924(c)(3), a "crime of violence" in this context means:

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, *or* (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis supplied). Subsection (A) of Section 924(c)(3) is commonly referred to as the "elements clause,"[4] and subsection (B) is referred to as the "residual clause."[5] The Court employs that terminology herein.

\\

\\

---

[4] Subsection (A) is also known as the "force clause." *See, e.g., United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017).

[5] The Court notes that the viability of Section 924(c)(3)'s residual clause in light of *Dimaya* remains under consideration. The Ninth Circuit is considering, but has not ruled on, the issue of whether the residual clause of Section 924(c) is unconstitutionally vague in two cases— *United States v. Dominguez*, No. 14-10268 and *United States v. Begay*, No. 14-10080. However, as explained herein, the Court need not decide this issue for purposes of deciding Mobley's motion. *But see Chavez*, 2018 WL 3609083, at *5 (holding, in light of "the current state of Ninth Circuit and U.S. Supreme Court law," that residual clause in Section 924(c)(3)(B) is unconstitutionally vague).

To determine whether an offense qualifies as a "crime of violence" under Section 924(c)(3), the Ninth Circuit applies the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). Thus, a court must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the general federal definition"—here, the definition of "crime of violence" set forth in the Section 924(c)(3) elements clause. *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015). This process requires the court to "look to the elements of the offense rather than the particular facts underlying the defendant's own [case]." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014). The court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy the definition. *Dominguez-Maroyoqui*, 748 F.3d at 920 (internal quotation marks omitted).

In ascertaining the scope of conduct criminalized by the elements of an offense, the court considers not only the statutory language, "but also the interpretation of that language in judicial opinions . . . ." *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1054 (9th Cir. 2011) (internal quotation marks omitted). To find an offense overbroad, there must be "a realistic probability, not a theoretical possibility," that the statute would be applied to conduct not encompassed by the generic federal definition. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 184 (2007).

In a case involving a "divisible" statute, the court may also go beyond the categorical approach and apply the "modified categorical approach," which allows the court "to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 262 (2013). A statute is "divisible" when it contains "multiple, alternative *elements* of functionally separate crimes," *Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014) (emphasis in original), as opposed to just "alternative means of committing the same crime," *Almanza-Arenas v. Lynch*, 815

F.3d 469, 478 (9th Cir. 2016). "[T]hey key question [the court] must ask when determining a statute's divisibility is whether a jury would have to be unanimous in finding those separate elements." *Ramirez v. Lynch*, 810 F.3d 1127, 1134 (9th Cir. 2016).

Finally, the force used for the purpose of a crime of violence determination must be "violent" force. *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). The defendant must use the force intentionally, not just recklessly or negligently. *See United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006); *see also Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).[6]

With this legal framework in mind, the Court examines whether either conviction under Counts 2 or 3 is a crime of violence.

**B.     Count 2: Assault on a Federal Officer with a Deadly or Dangerous Weapon**

Section 111 prohibits assault against federal officials:

(a) In general.--Whoever--

    (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty.--**Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon** (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) **or inflicts bodily injury**, shall be fined under this title or imprisoned not more than 20 years, or both.

---

[6] In a decision evaluating the crime of violence status of involuntary manslaughter under 18 U.S.C. § 1112(a), the Ninth Circuit noted that the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016) suggests that reckless conduct can constitute a crime of violence. *See United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (citing *Voisine*). In *Voisine*, the Supreme Court held that for the purposes of a domestic violence statute, 18 U.S.C. § 921(a)(33)(A), reckless conduct can constitute a crime of violence. However, the Ninth Circuit expressly declined to resolve any tension regarding the inclusion of reckless conduct as an element of a crime of violence. *Id.* As Mobley makes no *mens rea* arguments, the Court does not reach this issue. The Court, however, notes that it previously found that Section 111(b) requires the use of intentional force. (*See* Dkt. Nos. 254, 255.)

7

18 U.S.C. § 111 (emphasis supplied).

The Ninth Circuit has held that Section 111 creates three separate offenses. *Dominguez-Maroyoqui*, 748 F.3d at 919–20 (identifying three Section 111 offenses under a prior but substantially similar version of the statute); *see also United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008) ("[S]everal of our sister circuits have held that § 111 creates three distinct offenses, one misdemeanor and two felonies. . . . We agree that this formulation of the statute is required . . . .") (citations omitted). Thus, the statute is a divisible statute with three separate offenses, namely: (1) a misdemeanor under Section 111(a) if the defendant's acts constitute "only simple assault"; (2) a felony with a maximum sentence of 8 years under Section 111(a) if the defendant's acts "involve physical contact with the victim of that assault or the intent to commit another felony"; and (3) a felony with a maximum sentence of 20 years under Section 111(b) if the defendant "uses a deadly or dangerous weapon . . . or inflicts bodily injury." *See* 18 U.S.C. § 111. The Court analyzes the third offense here.

The offense of assault on a federal officer with a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b) is a crime of violence if it meets the requirements of either the elements clause under Section 924(c)(3)(A) or the residual clause under Section 924(c)(3)(B). The Ninth Circuit has held that Section 111(b) meets the requirements of the identical elements clause under 18 U.S.C. § 16(a). *See United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009) ("*JF*"). The *JF* court reasoned as follows:

> **There are two variants of this offense: (1) assault involving a deadly or dangerous weapon, and (2) assault resulting in bodily injury**. "To constitute an assault, an action must be either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Chapman*, 528 F.3d at 1219–20 (internal quotation marks omitted). This court also requires intent to assault. *United States v. Spears*, 631 F.2d 114, 117 n. 5 (9th Cir. 1980). A deadly or dangerous weapon is "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." *United States v. Sanchez*, 914 F.2d 1355, 1358 (9th Cir. 1990) (internal quotation marks omitted).
>
> A defendant charged with the first variant, assault with a deadly or a dangerous weapon, must have always "threatened [the] use of physical force," 18 U.S.C. § 16(a), because he or she will have either made a "willful attempt to inflict injury"

8

or a "threat to inflict injury," *Chapman*, 528 F.3d at 1219–20 (internal quotation omitted), with an object that "may endanger the life of or inflict great bodily harm on a person," *Sanchez*, 914 F.2d at 1358. Similarly, a defendant charged under the second variant, assault resulting in bodily injury, necessarily must have committed an act of force in causing the injury. **Thus, both variants are "crimes of violence" pursuant to 18 U.S.C. § 16(a)**.

*JF*, 566 F.3d at 947–48 (emphasis supplied) (other alterations in original).

As stated previously, the elements test for a "crime of violence" under Section 16(a) is identical to that of Section 924(c)(3)(A), as both define the term to include any offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 16(a); 18 U.S.C. § 924(c)(3)(A). Therefore, this Court is bound by the *JF* decision to find that a conviction for assault on a federal officer with a deadly or dangerous weapon under Section 111(b) is a crime of violence.

Mobley's argument that *JF*'s holding under the elements clause of Section 16(a) is invalid because assault on a federal officer does not require the use of violent force does not persuade. He first argues that the *JF* Court made no finding regarding the level of force as required by *Johnson I*. Although the *JF* court did not specify that violent force was required for a conviction under Section 111(b), it noted in its crime of violence analysis that the "ordinary meaning of ['crime of violence'], combined with § 16's emphasis on the use of physical force against another person . . . suggests a category of violent, active crimes." *JF*, 566 F.3d at 947 (quoting *Leocal*, 543 U.S. at 11). In addition, by the time the Ninth Circuit had decided *JF*, it had already established a "violent force" requirement under 18 U.S.C. § 16 and similar generic offense provisions. *See United States v. Bell*, 158 F. Supp. 3d 906, 915 (N.D. Cal. 2016) (collecting cases). Thus, the Court is not persuaded that *JF* failed to take into account the violent force requirements under the elements clause.

Mobley further cites *Dominguez-Maroyoqui* for the proposition that a Section 111 conviction may result from any use of force, not just violent force, and thus argues that Section 111(b) does not qualify as a crime of violence. However, *Dominguez-Maroyoqui* only determined that a "[Section]111(a) felony does not require proof, as a necessary element, that the defendant used, attempted to use, or threatened to use physical force as defined in *Johnson [I]*." 748 F.3d at

9

921. It did not make the same finding for Section 111(b), the offense at issue here.

Next, Mobley relies on the out-of-circuit decision in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), arguing that that "[b]ecause the full range of conduct covered by Section 111(b) does not require violent force," Section 111(b) is not a crime of violence. (Suppl. Memo at 21 (internal quotation marks omitted).) In *Torres-Miguel*, the Fourth Circuit held that a criminal threats conviction under California Penal Code section 422(a), which occurs when an individual "willfully threatens to commit a crime which will result in death or great bodily injury to another person," is not categorically a crime of violence under U.S.S.G. § 2L1.2 because such an offense may result in death or great bodily injury without involving the use of physical force. Cal. Penal Code § 422(a); *Torres-Miguel*, 701 F.3d at 167–71. Mobley asserts that "[e]ven though [Section 111(b)] requires that the dangerous weapon be used in a manner that is capable of causing death or serious injury, this still does not require the use or threatened use of 'violent force' against another." (Suppl. Memo at 21.) The Ninth Circuit has rejected similar reasoning:

> In *Villavicencio-Burruel*, we concluded that, based on the plain language of the statute, "section 422's elements necessarily include a threatened use of physical force 'capable of causing physical pain or injury to another person.'" 608 F.3d at 562 (quoting [*Johnson I*]). . . .
>
> The Fourth and Fifth Circuits reasoned that section 422 does not qualify categorically as a crime of violence under the element test, because one could threaten to poison another, which is not (under their precedent) "force," and therefore not a crime of violence. *See United States v. Torres-Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012); *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010). However, this reasoning has been rejected by the Supreme Court. *United States v. Castleman*, ——U.S.——, 134 S. Ct. 1405, 1415, 188 L.Ed.2d 426 (2014) ("The 'use of force' . . . is not the act of 'sprinkling' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." (alteration omitted)); *see also United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003) (concluding that a threat of anthrax poisoning constituted a "threatened use of physical force" because the defendant's "letters clearly threatened death by way of physical contact with anthrax spores"). Further[,] *Villavicencio-Burruel* remains the law of this circuit.

*Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016) (some alterations in original).

Accordingly, Mobley's argument does not persuade. The Court agrees with *Bell* that "[*JF*] remains binding on this Court and forecloses the argument that § 111(b) is not a crime of violence

10

. . . under the § 924(c)(3) [elements] clause." 158 F. Supp. 3d at 918; *see also United States v. Cole*, 722 F. App'x 749, 749 (9th Cir. 2018) (affirming jury's determination that Section 111(b) was a crime of violence for purposes of sustaining appellant's Section 924(c) firearm conviction because "[t]his Court has held that that a defendant charged with assault by using a deadly or dangerous weapon in violation of 18. U.S.C. § 111(b) must necessarily threaten the use of force. . . . As such, a § 111(b) weapons charge is categorically a 'crime of violence.'") (citing *JF*, 566 F.3d at 947–48).[7]

Because Mobley had at least one conviction for a crime of violence, the Court need not address whether Mobley's robbery offense under 18 U.S.C. § 2114(a) also qualifies as a crime of violence.[8] Accordingly, the Court next examines the impact, if any, of *Johnson II* and *Dimaya* on the Court's finding that assault under 18 U.S.C. § 111(b) is a crime of violence under Section 924(c)'s elements clause.

### C. Impact of *Johnson II* and *Dimaya* on Classification of Section 111(b) as a Crime of Violence Under Section 924(c)'s Elements Clause

Mobley's argument that neither assault under 18 U.S.C. § 111(b) nor robbery under 18 U.S.C. § 2114(a) qualifies as a "crime of violence" after *Johnson II* and *Dimaya* is unavailing. As noted above, (*see supra* Sections I.B & C), the *Dimaya* Court reiterated the concerns that it

---

[7] Other post-*Johnson II* courts to have addressed the issue have found that Section 111(b) assault is a crime of violence under Section 924(c)'s elements clause. *See, e.g., United States v. Wing*, 730 F. App'x 592, 593 (10th Cir. 2018) ("[C]onsistent with recent precedent, a § 111 offense qualifies as a crime of violence under § 924(c)(3)(A)."); *United States v. Taylor*, 848 F.3d 476, 496 (1st Cir. 2017) ("[T]he enhanced assault conviction under § 111(b) is a crime of violence under the force clause of § 924(c)(3) . . . ."); *United States v. Rafidi*, 829 F.3d 437, 443–46 (6th Cir. 2016) (holding that a violation of Section 111(b) constitutes a crime of violence under the elements clause of Section 924(c)); *Morris v. United States*, No. C17-0268-JCC, 2018 WL 3569872, *3 (W.D. Wash. July 25, 2018) ("Morris was convicted of assault on a federal officer by use of a dangerous weapon pursuant to section 111(b). Based on the Ninth Circuit's holding in [*JF*], Morris' conviction is correctly defined as a crime of violence under the force clause of section 924(c)(3)."); *United States v. Suesue*, No. 3:07-cr-00035-TMB-KFM, 2018 WL 2294215, at *8 (D. Alaska Apr. 19, 2018) (finding that "assault on a federal officer is a crime of violence under the force clause of § 924(c)" and recommending denial of section 2255 motion to vacate Section 924(c)(1)(A) firearm brandishing conviction and sentence), *report and recommendation adopted*, No. 3:07-cr-00035-TMB-KFM, 2018 WL 2293927 (D. Alaska May 18, 2018).

[8] Thus, *United States v. Edling*, 895 F.3d 1153 (9th Cir. 2018), cited in Mobley's Notice of Supplemental Authority (Dkt. No. 286), is irrelevant here. *See id.* at 1158 (holding that a robbery conviction under Nevada Revised Statutes § 200.380 is not a crime of violence).

11

enumerated in *Johnson II* regarding the *residual clause* of the ACCA and concluded that the *residual clause* of 18 U.S.C. § 16(b) is impermissibly vague in violation of due process. *Dimaya*, 183 S. Ct. at 1216–18 ("In sum, §16(b) has the same two features that conspired to make ACCA's *residual clause* unconstitutionally vague.") (emphasis supplied) (brackets and internal quotation marks omitted). Thus, even if the residual clause of Section 924(c) is unconstitutional after *Johnson II* and *Dimaya*, which this Court need not decide for purposes of deciding the instant motion, assault under 18 U.S.C. § 111(b) is still a crime of violence under the *elements clause* of Section 924(c). *Cf. United States v. Lasich*, No. 3:02-cr-00305-BR, 2018 WL 3614024, at *4 (D. Or. July 27, 2018) ("Hobbs Act Robbery satisfies the requirements of the force clause, § 924(c)(3)(A). Accordingly, the Court concludes Defendant's conviction and sentence do not implicate the residual clause of § 924(c)(3), and, therefore, Defendant's conviction and sentence was not undermined by *Johnson [II]* and/or *Dimaya*."); *United States v. Mora-Duardo*, No. 14-CR-3598-GPC, 2017 WL 2664194, at *3 (S.D. Cal. June 20, 2017) ("[B]ecause Petitioner's sentence was not enhanced pursuant to the 'residual clause,' or a provision of the U.S. Sentencing Guidelines analogous to the 'residual clause,' Petitioner is not entitled to relief based on *Johnson [II]*.").[9] Accordingly, Mobley's sentence was not imposed in violation of the Constitution or laws of the United States.[10]

## IV. CONCLUSION

In sum, neither *Johnson II* nor *Dimaya* has any effect on what constitutes a crime of violence under Section 924(c)'s elements clause. Because, at minimum, assault in violation of 18 U.S.C. § 111(b) qualifies as a crime of violence under the same, the Court **DENIES** Mobley's

---

[9] *See also cf. United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) ("We need not address [Section 924(c)'s] residual clause because we conclude that the relevant offense of armed bank robbery is a crime of violence under the force clause."); *Gutierrez*, 876 F.3d at 1256 ("Because we conclude that carjacking constitutes a crime of violence under [Section 924(c)'s] force clause, we have no need to address the residual clause.").

[10] Given the Court's findings that Section 111(b) qualifies as a crime of violence and Mobley's conviction and sentence do not implicate the residual clause of Section 924(c)(3), the Court need not consider the government's other arguments (*i.e.*, procedural default as to Mobley's *Johnson II* claim and the viability of Section 924(c)'s residual clause after *Johnson II* and *Dimaya*).

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

This Order terminates Docket Number 229.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**